**GORDON JOHNSON COMPANY,**
Appellant,

v.

**R. B. DAWES, Jr., Trustee in Bankruptcy,**
Appellee.

**In the Matter of PERSON FARMS, INCORPORATED, Bankrupt.**

No. 9469.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 1, 1964.

Decided Nov. 5, 1964.

Charles E. Melvin, Jr., Greensboro, N. C. (Beverly C. Moore, and Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., on brief), for appellant.

Jerry L. Jarvis, Durham, N. C. (Watkins & Jarvis, Durham, N. C., and Melvin H. Burke, Roxboro, N. C., on brief), for appellee.

Before HAYNSWORTH, FAHY and BRYAN, Circuit Judges.

PER CURIAM.

The bankruptcy trustee of Person Farms, Inc. successfully resisted, before the Referee and the District Court, the lien claim of the Gordon Johnson Company upon poultry processing equipment in the possession of the bankrupt in North Carolina under an agreement with Gordon Johnson. The agreement was not recorded in the county of the registered office of Person Farms. This is an indispensable requisite of the State statute, G.S. §§ 47–20, 47–20.2, to obtain precedence for conditional sales contracts over lien creditors. All this Gordon Johnson admits, but insisted below, and now on this appeal, that the agreement was not a conditional sales contract but rather a lease, an instrument concededly not requiring recordation.

The adverse finding and conclusion in the trial court on this point, we think, are firmly rested on the evidence and upon the law of North Carolina. The lien is not in the slightest suspect for concealment or other fraud. Although not in the county of the registered office, it was promptly put on record in the county where the equipment and the officers of Person Farms were situate. Notwithstanding, the State statute is inflexible and adamant in its exaction of recordation for the vitality of a conditional sales contract, which has fairly been determined to be the character of the instant document.

Affirmed.